IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30955
Summary Calendar
_____

JERRALD WILSON,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1551-D
- - - - - - - - - -
February 26, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Jerrald Wilson, Louisiana prisoner #101472, was convicted by a jury of two counts of first-degree murder for which he is serving two consecutive life sentences. He appeals the district court's denial of his 28 U.S.C. § 2254 petition. Wilson argues that the prosecution withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

Under 28 U.S.C. § 2254(d), this court may grant habeas relief on an issue that was adjudicated on the merits in a state court proceeding only if that decision was contrary to, or involved an

_____

   [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. To prevail on a Brady claim, Wilson must show that the Government: (1) suppressed evidence, (2) that was favorable to the defense, and (3) that was material. Lawrence v. Lensing, 42 F.3d 255, 257 (5th Cir. 1994). Evidence is material if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed. See Kyles v. Whitley, 514 U.S. 419, 434 (1995); United States v. Bagley, 473 U.S. 667, 682 (1985).

Wilson has not shown that the state court's decision denying his Brady claim falls under the standards in 28 U.S.C. § 2254(d) for obtaining habeas relief. See State v. Wilson, 631 So. 2d 1213, 1220-22 (La. Ct. App. 1994). Furthermore, even if Wilson could establish that the evidence was exculpatory, he has not shown that it meets the test for materiality. Therefore, the judgment of the district court denying his 28 U.S.C. § 2254 petition is AFFIRMED.